■ In the Matter of SHA SHA DAVIS, Petitioner, v ROBERT MURPHY, as Director of Special Housing/Inmate Disciplinary Programs, et al., Respondents. [733 NYS2d 819] —Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Commissioner of Correctional Services which found petitioner guilty of violating a prison disciplinary rule.

Petitioner was the subject of a misbehavior report charging him with violating the prison disciplinary rules that prohibit the unauthorized possession of a controlled substance and the unauthorized exchange of personally owned items. The reporting correction officer testified that he had observed petitioner in the act of handing a second inmate a small yellow piece of paper that had been folded over and taped shut to make a packet. The second inmate slipped it into his right, front pants pocket. As the entire transaction had been observed, correction officers immediately subjected the second inmate to a pat frisk, finding the folded yellow paper in his pocket. Subsequent laboratory testing disclosed that the paper contained heroin.

A disciplinary hearing was held following which petitioner was found guilty of unauthorized possession of a controlled substance and of making an unauthorized exchange of personal

property. On administrative appeal, however, the drug possession charge was dismissed on the ground that no documentation of the laboratory test results had been introduced in evidence.

Despite dismissal of the drug possession charge, the separate charge that petitioner made the unauthorized transfer of the unidentified substance in the paper packet to a fellow inmate was supported by substantial evidence in the form of the misbehavior report and the testimony of the reporting officer who was an eyewitness to the exchange (*see, Matter of Miller v Portuondo*, 269 AD2d 646, 647). Petitioner's testimony, in which he asserted his innocence, raised an issue of credibility that the Hearing Officer was free to resolve against him (*see, id.*, at 647). The remaining contentions raised herein, including the allegation of Hearing Officer bias, have been reviewed and found to be without merit.

Cardona, P. J., Mercure, Crew III, Rose and Lahtinen, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.